UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00032-RJC
(3:08-cr-00030-RJC-1)

| | |
|---|---|
| CLEMENT J. HOPE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.    FACTUAL BACKGROUND

On February 26, 2008, Petitioner Clement J. Hope was charged in a Bill of Indictment with one count of possession with intent to distribute several drugs, including five grams or more of crack cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count One); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Two); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). [CR Doc. 1: Bill of Indictment]. Thereafter, the Government filed an Information Pursuant to 21 U.S.C. § 851 setting forth Petitioner's previous felony drug conviction for cocaine possession in Mecklenburg County, North Carolina, on October 13, 1999.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00032-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:08-cr-00030-RJC-1.

[CR Doc. 11 at 1: § 851 Information]. On December 3, 2008, Petitioner pleaded guilty "straight up" without a plea agreement. [CR Doc. 33: Acceptance and Entry of Guilty Plea].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 41: PSR]. The probation officer recommended a Total Offense Level of 21 for Counts One and Three. [Id. at ¶ 32]. Combined with a Criminal History Category of I, this TOL yielded an advisory guidelines range between 37 to 46 months in prison. [Id. at ¶ 63]. However, because Petitioner faced a statutory mandatory minimum term of 60 months for the drug trafficking offense in Count One under 21 U.S.C. § 841(b)(1)(B), the guidelines term was 60 months. [Id. (citing U.S.S.G. § 5G1.1(c)(2))]. Petitioner was exposed to this mandatory minimum sentence because his offense involved more than five grams of crack cocaine, 21 U.S.C. § 841(b)(1)(B). [See CR Doc. 41 at ¶ 17]. The probation officer also noted that Petitioner faced a mandatory consecutive sentence of 60 months on Count Two, 18 U.S.C. § 924(c). [Id. and ¶¶ 62, 63].

The Court sentenced Petitioner to terms of imprisonment of 18 months on each of Counts One and Three, to run concurrently, and a term of imprisonment of 30 months on Count Two, to run consecutively to the terms imposed on Counts One and Three. [CR Doc. 50 at 2: Judgment]. The Court departed below the guidelines range based on Petitioner's substantial assistance under U.S.S.G. §5K1.1. [CR Doc. 51 at 2: Statement of Reasons]. The Court also sentenced Petitioner to four years of supervised release for Count One and three years for Counts Two and Three, all to run concurrently. [CR Doc. 50 at 3].

Petitioner served his custodial sentence and began his term of supervised release in September of 2011. [CR Doc. 62 at 1]. In July of 2014, Petitioner violated the terms of his supervised release by repeatedly stabbing his wife and threatening to kill her. [CR Doc. 62 at 2].

The probation officer recommended that the Court revoke Petitioner's supervised release. [Id. at 3]. The Court conducted a revocation hearing, finding "overwhelming evidence" that Petitioner committed the charged violations. [CR Doc. 86 at 79]. The Court sentenced Petitioner to a term of imprisonment of 60 months, which included a term of 60 months on Count One, 48 months on Count Two, and 24 months on Count Three of the underlying convictions, all to run concurrently. [CR Doc. 72 at 2: Judgment for Revocation of Supervised Release]. The Court also sentenced Petitioner to a term of 60 months of supervised release as to Count One only. [Id. at 3].

Petitioner appealed and, on a joint motion to remand, the Fourth Circuit vacated Petitioner's revocation sentence on Count One because it exceeded the statutory maximum of three years for a class B felony under 18 U.S.C. § 3583. [CR Doc. 86 at 1, 5]. On remand, the Court sentenced Petitioner to 36 months on Count One, 60 months on Count Two, and 24 months on Count Three of the underlying convictions, all to run concurrently. [CR Doc. 90 at 2: Amended Judgment]. The Court also sentenced Petitioner to one additional year of supervised release on Count One. [Id. at 3]. Petitioner again appealed and the Fourth Circuit affirmed. United States v. Hope, 701 Fed. App'x 273, 274 (4th Cir. 2017) (unpublished).

On February 5, 2019, Petitioner filed the instant motion for relief under 28 U.S.C. § 2255.[2] [CV Doc. 1]. Petitioner argues that his felon-in-possession conviction should be vacated "because … the amount of time [his] prior offense carried was not long enough." [Id. at 5]. Petitioner notes that he has "a North Carolina state conviction for possession and was given a 6 to 8 month sentence…." [Id.]. The Court, therefore, construes this as a claim for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2001). Petitioner also seeks sentencing relief under the First

---

[2] Although Petitioner's motion appears untimely under 28 U.S.C. § 2255(f), the Government waives "reliance on the statute-of-limitations defense" and asserts that "this Court should reach the merits of [Petitioner's] Simmons claim." [CV Doc. 3 at 4-5].

3

Step Act of 2018, asserting that he should be resentenced on Count One without consideration of the five-year mandatory minimum. [CV Doc. 1 at 4]. The Government responded to Petitioner's motion to vacate, as ordered by the Court, agreeing that Petitioner's § 922(g) conviction should be vacated and disputing entitlement to relief under the First Step Act. [CV Docs. 2, 3]. Petitioner replied. [CV Doc. 4]. Petitioner was released from the custody of the Bureau of Prisons on September 25, 2019 and is now serving his term of supervised release.

This matter is now ripe for adjudication.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief on the Simmons issue, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

### A.    Section 922(g) Claim

Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). In Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1), and is punishable by more than one year in prison, only if the defendant could have received a sentence of more than one year in prison. 649 F.3d at 246. Simmons overturned the Fourth Circuit's earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that an offense is

4

punishable by more than one year in prison if *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under § 922(g)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act, N.C.G.S. § 15A-1340.17. See Simmons, 649 F.3d at 243.

Here, Petitioner's most serious prior conviction was his conviction for possession of cocaine for which Petitioner received six to eight months in prison. Under N.C.G.S. § 15A-1340.17(c) and (d) (1997), Petitioner could not have received a sentence of more than 12 months for any offense for which he was actually sentenced to six to eight months in prison. Therefore, under Simmons, that conviction was not for an offense punishable by more than one year in prison. Further, Petitioner lacks any other qualifying predicate conviction. As such, because Petitioner was convicted for conduct that we now understand is not criminal under § 922(g) in light of Simmons, relief under § 2255 is warranted.

Petitioner, however, has served his custodial sentence and has been released from BOP custody. The Court will, nonetheless, grant Petitioner's motion on this issue and vacate Petitioner's conviction under 18 U.S.C. § 922(g). Because Petitioner's current term of supervised release relates only to Count One, and not to Count Three, resentencing is not necessary.

B.   **First Step Act Claim**

Section 404 of the First Step Act of 2018 gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat, 2372), that was

5

committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense … may impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time covered offense was committed."

Section 2 of the Fair Sentencing Act of 2010, Pub. L. 111-220, which was signed into law on August 3, 2010, increased the quantity of crack cocaine required to trigger the enhanced penalties of 21 U.S.C. § 841(b). Specifically, it raised the subsection (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." If this Act had been in effect when Petitioner was sentenced earlier in 2010, the crack cocaine quantity for which he was held responsible, 11.24 grams, would not have subjected him to the enhanced penalty provision of § 841(b)(1)(B). Additionally, Petitioner would have been eligible for a three-year term of supervised release, instead of the four-year term he received under § 841(b)(1)(B).

Petitioner, however, has fully served his custodial sentence for the § 841 drug trafficking offense and is, therefore, not eligible for relief under the First Step Act from any portion of that sentence. Further, while Petitioner may have been eligible for a reduction in his term on supervised release for that offense from four years to three years had he not violated the conditions of his supervised release, that term was supplanted by a new custodial sentence of 36 months and an additional one year of supervised release. Petitioner, therefore, is not eligible for a reduction in a term of supervised release supplanted by a different sentence uninformed by the drug quantity thresholds of § 841(b)(1)(B).

The Court notes that, even if Petitioner were eligible for a reduction in his term of supervised release, it would exercise its discretion to deny Petitioner's request. On the revocation of Petitioner's original supervised release, the Court imposed the statutory maximum term of

6

imprisonment in the face of Petitioner's arguments for a low-end sentence, followed by an additional year of supervised release. The Fourth Circuit affirmed. Petitioner exhibited serious misconduct resulting in the revocation of his original supervised release and a criminal history evidencing prior domestic violence incidents. The Court, therefore, would decline to further reduce Petitioner's term of supervised release under the First Step Act in any event.

IV. **CONCLUSION**

In sum, for the reasons stated herein, the Court grants Petitioner's motion to vacate his § 922(g)(1) conviction under 28 U.S.C. § 2555 and denies Plaintiff's claim for relief under the First Step Act.

 **IT IS THEREFORE ORDERED** that:

(1)  Petitioner's petition under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED IN PART** as to Petitioner's conviction under 18 U.S.C. § 922(g), which is hereby **VACATED**, and **DENIED IN PART** as to Petitioner's claim under the First Step Act.

(2)  Inasmuch as Petitioner's conviction has been vacated as to Count Three, an Amended Judgment in the related criminal proceedings shall be entered.

(3)  The Clerk of Court will provide a copy of this Order to the U.S. Probation and Pretrial Services Office.

(4)  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 13, 2020

Robert J. Conrad, Jr.
United States District Judge